ence of the papers; that they are in the custody of the collector; that they relate to the goods in respect to the importation of which this action is brought; that they show the liquidation of the duties—all these facts are admitted. The only fact denied is that there is any record of the payment of these duties. It is alleged in the moving affidavits and not denied that in the course of the business of the custom-house a memorandum of payment of duties is made on the warehouse bonds and other papers called for. Enough appears, therefore, which is not denied, to entitle the defendants to an inspection of these papers before they answer. I think, therefore, that a stay may be properly granted until the plaintiff shall permit an inspection of these papers, and that the defendants should be allowed twenty days after such inspection to file their answer.

The objection that the regulation of the treasury department makes it unlawful for the collector to exhibit these papers has no force. That regulation was not designed to provide for, nor to prevent or embarrass, or indeed in any way to relate to the production of custom-house papers as evidence in courts of justice. Its purpose is apparent on its face. It simply regulates their production or information respecting them to be furnished, on application of private persons claiming the right of inspection or information by reason of their special interest in the papers. It is matter of every day practice in this court for these papers to be produced on subpœna, both in suits brought by the United States and in suits between private parties. And the duty to produce them upon the order of the court for purposes of evidence or discovery is equally imperative, and not in any way affected or intended to be affected by this regulation. Among the duties of the collector of the customs is that of aiding the United States attorney in the prosecution of all suits for duties and for frauds upon the revenue, and there can be no question that it is his duty upon the request of the district attorney to produce in court any papers in the custom-house required for the proper prosecution of such suits. This is as clearly his duty as it is to produce them upon the subpœna of another party; and his constant practice in this respect shows that the practical interpretation put upon this regulation has not prevented the unembarrassed production of these papers in court for the purposes of justice. If, therefore, this action is stayed for want of the production of these papers it will, I conceive, be the official duty of the collector, in order that he may give that assistance which is due from him for the proper and diligent prosecution of the action, to furnish these papers to the district attorney or himself to exhibit them to the defendants.

As to the claim of the defendants that the collector should have complied with the demand of their counsel to see these papers, I am of opinion that, considering the claim as made on their behalf as defendants in this suit, the collector was not under any obligation to comply with it. It is for the court and not for the parties to determine whether justice requires an inspection or the production of papers, and until there is an order of the court giving such a right of inspection, or, as in this case, granting relief by a stay of the proceedings of the United States because of their non-production, which equally imposes on the collector the duty of exhibiting the papers, he is justified in refusing all applications for them by counsel for use in a suit, which do not conform to the regulations of the treasury department.

A stay of the plaintiff's proceedings is not a complete remedy. It may operate as a perpetual bar to the determination of the cause. If within a reasonable time such stay shall not have the effect of obtaining the discovery the defendants desire, I see no good reason why a mandamus should not issue against the collector. That is necessary to the exercise of the jurisdiction which is necessary to carry into effect the lawful orders of the court. And any attempted distinction between the issue of the writ against a ministerial officer not a party to the cause, to compel the performance of a duty made imperative by the decree of the court and necessary for the execution of that decree, and the issue of the writ to such an officer to compel the performance of a duty made imperative on him by the order of the court, and the performance of which is necessary to the progress of the cause, and the rendering of any judgment, would be too nice. Either case is within the terms of Rev. St. § 716.

Let orders be entered denying the motion for a mandamus, and staying all proceedings of the plaintiff in the action, until twenty days after the papers described in the petition have been exhibited to the defendants' attorneys. And in case such papers shall not be exhibited within ten days after the entry and service of this order, let an alternative mandamus in this cause issue to the collector, requiring him to exhibit said papers or show before this court on the next motion-day thereafter why a peremptory writ of mandamus should not issue.

====

## Case No. 15,434.

UNITED STATES v. HUTTON.

[See Case No 15,433.]